IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF ROBERT W. PETERSEN, by and through Robert T. Petersen as Personal Representative; ESTATE OF MARY ANN SIMONS, by and through Dean Simons as Personal Representative; and ESTATE OF CHARLOTTE ELAINE GUILFORD, by and through Charles Guilford as Personal Representative,<br><br>Plaintiffs,<br><br>vs.<br><br>KOELSCH SENIOR COMMUNITIES, LLC and BILLINGS PARTNERS, LLC d/b/a CANYON CREEK,<br><br>Defendants. | CV 22-11-BLG-SPW<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE NOS. 1-10 |

Defendants filed their Motions in Limine Nos. 1-10 (Doc. 187) seeking to exclude the following evidence and argument from trial:

1. Evidence, argument, or testimony by lay witnesses that they are not qualified to provide;

2. Evidence, argument, or suggestion of undisclosed or unsupported damages, including medical expenses and reimbursement for Canyon Creek fees and loss of consortium damages;

3. Argument at opening statement, including the mischaracterization of the 2020 Monthly Operations Report, the

1

          infection prevention and control assessment tool, and evidence related to the National Guard;

4. Adverse party's use of depositions "for any purpose";

5. Questions of witnesses regarding the ultimate issues of a party's "fault," negligence, or liability;

6. Reference to discovery disputes;

7. Testimony or commentary on the credibility of another witness;

8. Evidence, testimony, or argument regarding documents not in effect at the time of the incidents;

9. Plaintiffs' elicitation of irrelevant and prejudicial hindsight testimony from any witness; and

10. Hearsay evidence, including medical treatises, journals, or other medical authorities.

(*Id.* at 2–3).

The Motions are fully briefed and ripe for the Court's review. (*See* Docs. 188, 199, 204).

## I. Background

This negligence action arises out of Plaintiffs' allegations that Canyon Creek, a licensed memory care and assisted living facility, failed to properly care for Robert Petersen, Mary Ann Simons, and Charlotte Guilford during the COVID-19 outbreak, proximately causing the decedents' injuries and deaths. (Doc. 10 at 2–3). Plaintiffs allege Defendants breached their duty of care by failing to provide adequate staffing, nutrition, hydration, and infection control, among other failures. Plaintiffs also seek

punitive damages, alleging that Defendants failed to implement enhanced infection control procedures, did not provide specially trained staff during staffing shortages, and deliberately withheld critical information about COVID-19 infections from residents and their families. (*Id.* at 28–31).

## II. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. *Agan v. BNSF Ry.*, No. CV 19-83-BLG, 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022). The Court shall exclude evidence in limine only if the evidence is inadmissible on all potential grounds. *Id.* Unless evidence meets this high standard, the Court shall defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context. *Id.* "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010).

Motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of

3

evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Rulings on motions in limine are provisional, and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

### III. Discussion

#### A. Motion 1: Evidence, Argument, or Testimony by Lay Witnesses that They Are Not Qualified to Provide

Defendants first move to exclude lay witness testimony regarding standards of care or causation, arguing such opinions fall outside the scope of Federal Rule of Evidence 701 and otherwise resemble expert testimony. (Doc. 188 at 11). Defendants identify past instances in which lay witnesses—such as Plaintiffs' family members or former employees—purported to offer opinions on care and causation, which Defendants characterize as subjective and outside the scope of permissible lay witness testimony. (*Id.* at 11–13).

Plaintiffs counter that lay testimony is admissible when based on personal knowledge rather than specialized expertise. (Doc. 199 at 3). They do not address Defendants' examples, but rather, argue a lay witness should be permitted to testify to the existence of a medical condition based on their personal knowledge. They

4

also argue that family member lay witnesses should be permitted to testify about their personal observations—including that Mr. Petersen, Ms. Simons, and Ms. Guilford appeared inadequately fed or cared for, or that they had bruising on their bodies. (*Id.* at 4–5).

Under Rule 701, lay witnesses are limited to opinions: (1) "rationally based on the witness's perception;" (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (3) "not based on scientific, technical, or other specialized knowledge." The Court agrees with Defendants that lay witnesses may not offer expert testimony, including testimony on causation. At the same time, the Court acknowledges Plaintiffs' position that lay witnesses may testify about their personal observations, even when those observations pertain to medical matters, so long as they are rationally based on the witness's own perception.

Here, though Defendants cite examples of lay testimony they contend resemble expert opinions, the Court finds that the Motion is overly broad without the context of trial. Therefore, Motion 1 is DENIED with leave to renew objections at trial.

### B.   Motion 2: Evidence, Argument, or Suggestion of Undisclosed or Unsupported Damages

Defendants next move to preclude Plaintiffs from offering evidence of medical expenses, reimbursement for fees, and loss of consortium damages. (Doc.

5

188 at 14–17). As an initial matter, Motion 2 is MOOT as to medical expenses because Plaintiffs no longer seek that remedy. (Doc. 199 at 5).

   1.   *Reimbursement Fees*

As the Motion pertains to reimbursement fees, Defendants allege that Plaintiffs failed to specify a dollar amount and argue that such broadly stated relief would improperly allow recovery for expenses unrelated to the conduct at issue. (Doc. 188 at 15). In response, Plaintiffs cite to a discovery disclosure identifying the amounts billed and received for the decedents' care: $9,475.02 for Ms. Guilford, $26,098.19 for Mr. Petersen, and $86,967.28 for Ms. Simons. Plaintiffs assert that Defendants have been aware of these figures since November 2023. (Doc. 199 at 6). Defendants counter that these amounts include medical expenses, which Plaintiffs are no longer seeking, and which further illustrate Plaintiffs' overly broad request. (Doc. 204 at 5).

In general, "a plaintiff [must] prove damages with reasonable certainty." *Town of Superior, Mont. v. Asarco, Inc.*, 874 F. Supp. 2d 937, 944 (D. Mont. 2004). Thus, even if Plaintiffs' original request included medical expenses, Defendants—as the billing entity—should be able to reasonably approximate the portion attributable to reimbursement fees. Reasonable certainty need not be exact, and it remains Plaintiffs' burden at trial to prove the fees. The Court will not deny

6

Plaintiffs recovery and allow Defendants to escape liability where reimbursement fees can be reasonably approximated. In this respect, Motion 2 is DENIED.

### 2. *Loss of Consortium*

As the Motion pertains to loss of consortium relief, Defendants argue those damages were improperly pled and are not available to the decedents' adult children under Montana law. (Doc. 188 at 16).

First, Defendants elevate form over substance by arguing that damages were improperly pled. This Court has previously recognized loss of consortium claims pled in a manner similar to that of Plaintiffs. *E.g.*, Complaint, Butler v. Unified Life Ins., No. CV 17-50-BLG (D. Mont. Jan. 5, 2018); *Butler v. Unified Life Ins.*, No. CV 17-50-BLG, 2018 WL 4473883, at *3–7 (D. Mont. July 18, 2018); *Butler v. Unified Life Ins.*, No. CV 17-50-BLG, 2018 WL 4462502 (D. Mont. Sept. 18, 2018).

Second, it is improper for Defendants to seek a ruling on a contested legal issue through a motion to exclude evidence. If Defendants believed Plaintiffs lacked a viable claim for loss of consortium, or that such a claim was inadequately pled, the appropriate remedy would have been through a motion for summary judgment or a motion to dismiss. Having failed to pursue such relief, Defendants may not now attempt to exclude evidence on the basis of an alleged inadequately pled claim. In this respect, Motion 2 is DENIED.

### C. Motion 3: Limiting Plaintiffs' Opening Statement to Prohibit Inappropriate Argument

Defendants next move to limit Plaintiffs' opening statement to prevent argumentative interpretations of evidence, such as alleged mischaracterizations of the 2020 Monthly Operations Report, the infection prevention and control assessment tool, and the involvement of the National Guard. (Doc. 188 at 18–23). They argue that Plaintiffs have previously presented arguments as evidence and maintain that such advocacy is improper in an opening statement.

Plaintiffs respond that they "will comply with applicable law by providing an outline of what Plaintiffs expect in good faith to prove during the course of trial." (Doc. 199 at 9).

At this stage, the Court declines to address Defendants' request to prohibit Plaintiffs from mischaracterizing particular evidence because the Court lacks sufficient context to make such determinations. Counsel may not exaggerate or distort what the evidence will show in opening statements. In this respect, Motion 3 is DENIED.

### D. Motion 4: Limiting Use of Depositions by Adverse Party "For Any Purpose"

Pursuant to Federal Rules of Evidence 32(a) and 30(b)(6), Defendants next move to preclude Plaintiffs from offering the deposition testimony of Wendy Palato, Lonna Olson, Rhoda Byorth, and Cheri Asay "for any purpose," arguing these

individuals were not officers, directors, managing agents, or Rule 30(b)(6) designees of Koelsch or Canyon Creek. (Doc. 188 at 23–24).

Plaintiffs dispute this Motion as to Ms. Palato, arguing she served as Canyon Creek's "director of resident services" during the events at issue and later as Koelsch's "traveling director of resident services" at the time of her deposition. (Doc. 199 at 11). Plaintiffs seem to assert that her title qualifies her deposition for use "for any purpose." Plaintiffs further assert that the depositions of Ms. Olson, Ms. Byorth, and Ms. Asay may be used if those witnesses are unavailable at trial. (*Id.*).

At trial, a deposition may be used as substantive evidence, i.e., for any purpose, in two circumstances: when the witness is an adverse party, and when the witness is unavailable. Fed. R. Civ. P. 32(a)(3)–(4). This principle applies to an organizational party's officers, directors, and managing agents, and to representatives designed under Rule 30(b)(6). Therefore, if the witness is an officer, director, managing agent, or designated under Rule 30(b)(6), their deposition testimony can be used "for any purpose" against the entity. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 668 (C.D. Cal. 2005).

/ / /

/ / /

/ / /

9

Here, the Court finds that Ms. Palato's title alone does not render her a "director" under Rule 32.[1] Plaintiffs have not demonstrated that she possessed authority to bind or speak on behalf of Defendants or that she was designated as a Rule 30(b)(6) representative. Accordingly, her deposition may not be used "for any purpose." By contrast, Plaintiffs may use the depositions of Ms. Olson, Ms. Byorth, and Ms. Asay if those witnesses are deemed unavailable under Rule 32.

For this reason, Motion 4 is GRANTED as to Ms. Palato and RESERVED FOR RULING in all other respects.

### E. Motion 5: Questions of Witnesses Regarding the Ultimate Issues of a Party's "Fault," Negligence, or Liability

Defendants next move to preclude Plaintiffs' counsel from asking questions regarding ultimate issues of fault, negligence, or liability, because those questions would invade the jury's role and constitute reversible error. (Doc. 188 at 24–25). Plaintiffs do not intend to elicit ultimate issue testimony. (Doc. 199 at 11).

Because the parties generally agree, Motion 5 is GRANTED.[2]

---

[1] The Court notes that Defendants are limited liability companies who do not have directors. The companies are made up of members and are controlled by managers. *See* Mont. Code Ann. §§ 35-8-201, -202(1)(e) (2023).

[2] As to expert witnesses, the Court notes there is a fine line between expert opinion on an ultimate issue of fact and a legal conclusion; an expert can testify to an issue of law but may not express an opinion on a conclusion of law. Fed. R. Evid. 704(a); *Ford v. Allied Mut. Ins.*, 72 F.3d 836, 841 (10th Cir. 1996). The parties are expected to comply with the Rules of Evidence when examining their witnesses and any specific objections related to ultimate conclusions may be made at trial.

F.  *Motion 6: Reference to Discovery Disputes at Trial*

Defendants next move to preclude Plaintiffs from referencing discovery disputes, arguing that any prior disputes would be irrelevant and prejudicial. (Doc. 188 at 25–26).

The Court finds that any reference to discovery disputes is irrelevant to this case. However, the Court acknowledges that the parties may make arguments that certain documents were not produced to corroborate testimony if relevant to the issues. (*See* Doc. 199 at 12). In this respect, Motion 6 is GRANTED.

G.  *Motion 7: Testimony or Commentary on the Credibility of Another Witness*

Defendants next move to preclude Plaintiffs from eliciting testimony or commentary from a witness on the credibility of another witness, arguing that such testimony would invade the province of the jury. (Doc. 188 at 26–27). Plaintiffs agree that determining witness credibility is solely the jury's responsibility but argue that implicating the credibility of a witness is one of the essential roles of an attorney at trial. (Doc. 199 at 13).

Neither party is allowed to put a witness on the stand to comment on the credibility of another witness because it is the jury's responsibility "to make credibility determinations about witnesses." *Weaver v. Att'y Gen. of Mont.*, 597 F. Supp. 2d 1126, 1130 (D. Mont. 2008). However, the Court recognizes that counsel

11

may implicate the credibility of a witness during cross-examination. Therefore, in this respect, Motion 7 is GRANTED.

### H. Motion 8: Evidence, Testimony, or Argument Regarding Documents Not in Effect at the Time of the Incidents

Defendants next move to exclude evidence regarding documents and testimony not in effect at the time of the incidents, arguing it would be irrelevant and likely to confuse the jury. (Doc. 188 at 27–29).

Policies, standards, guidelines, procedures, and marketing materials not in effect during time periods relevant to the issues shall be precluded from trial. In this respect, Motion 8 is GRANTED.

However, the Motion is RESERVED FOR RULING as it pertains to the undated core values document (Doc. 188-12). The party introducing the document must lay foundation showing that the document was in effect during the relevant time period.

### I. Motion 9: Elicitation of Irrelevant and Prejudicial Hindsight Testimony from Any Witness

Defendants next move to preclude Plaintiffs' counsel from eliciting hindsight testimony, arguing it would not be relevant to the standard of care and could mislead the jury. (Doc. 188 at 30–31).

The Court agrees. Motion 9 is GRANTED.

*J.     Motion 10: Compliance with Federal Rule of Evidence 803(18)*

Finally, Defendants request that the Court require Plaintiffs to establish the reliability of any medical treatises or journals before introducing them at trial, and that such references should only be read into evidence, not submitted as exhibits. (Doc. 188 at 32–33); *see* Fed. R. Evid. 803(18).

The Court will apply the Rules of Evidence at trial and implores the parties to do the same. In this respect, Motion 10 is GRANTED.

## IV.    Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that the Court's rulings on Defendants' Motions in Limine Nos. 1-10 (Doc. 187) are as follows:

(1)    Motion in Limine 1 is DENIED with leave to renew objections at trial;

(2)    Motion in Limine 2 is MOOT as to medical expenses and DENIED in all other respects;

(3)    Motion in Limine 3 is DENIED;

(4)    Motion in Limine 4 is GRANTED in part and RESERVED FOR RULING in all other respects;

(5)    Motion in Limine 5 is GRANTED;

(6)    Motion in Limine 6 is GRANTED;

(7)    Motion in Limine 7 is GRANTED;

(8)  Motion in Limine 8 is GRANTED in part and RESERVED FOR RULING in all other respects;

(9)  Motion in Limine 9 is GRANTED; and

(10) Motion in Limine 10 is GRANTED.

DATED this 2nd day of December, 2025.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge