IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF ROBERT W. PETERSEN, by and through Robert T. Petersen as Personal Representative; ESTATE OF MARY ANN SIMONS, by and through Dean Simons as Personal Representative; and ESTATE OF CHARLOTTE ELAINE GUILFORD, by and through Charles Guilford as Personal Representative,<br><br>    Plaintiffs,<br><br>vs.<br><br>KOELSCH SENIOR COMMUNITIES, LLC and BILLINGS PARTNERS, LLC d/b/a CANYON CREEK,<br><br>    Defendants. | CV 22-11-BLG-SPW<br><br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE NOS. 20-25 |

Defendants filed their Motions in Limine Nos. 20-25 (Doc. 196) seeking to exclude the following evidence from trial:

20.    Defendants' financial status, including balance sheets, profit and loss statements, tax returns and distributions to members; evidence of COVID-19 relief money; and managerial employees' salaries and bonuses;

21.    Log of Misty Mitchell;

22.    [E]vidence Canyon Creek was understaffed, including that Plaintiffs' expert testimony is inadmissible, because the experts fail[ed] to set forth the applicable standard of care for staffing

1

levels at Canyon Creek; lay witness opinions regarding understaffing . . . ; and argument of understaffing unrelated to Canyon Creek's conduct at issue;

23.    [E]vidence that Koelsch underfunded and understaffed Canyon Creek;

24.    [T]he [S]tate Tele-ICAR Survey; and

25.    Limiting negligence per se testimony and argument at trial to only citing federal statutes and/or regulations in the form and text as they were published and incorporated into Montana law in 1997.

(*Id.* at 2–3).

The Motions are fully briefed and ripe for the Court's review. (*See* Docs. 197, 203, 207).

## I.    Background

This negligence action arises out of Plaintiffs' allegations that Canyon Creek, a licensed memory care and assisted living facility, failed to properly care for Robert Petersen, Mary Ann Simons, and Charlotte Guilford during the COVID-19 outbreak, proximately causing the decedents' injuries and deaths. (Doc. 10 at 2–3). Plaintiffs allege Defendants breached their duty of care by failing to provide adequate staffing, nutrition, hydration, and infection control, among other failures. Plaintiffs also seek punitive damages, alleging that Defendants failed to implement enhanced infection control procedures, did not provide specially trained staff during staffing shortages,

2

and deliberately withheld critical information about COVID-19 infections from residents and their families. (*Id.* at 28–31).

## II.    Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. *Agan v. BNSF Ry.*, No. CV 19-83-BLG, 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022). The Court shall exclude evidence in limine only if the evidence is inadmissible on all potential grounds. *Id.* Unless evidence meets this high standard, the Court shall defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context. *Id.* "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010).

Motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

3

The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Rulings on motions in limine are provisional, and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

## III.    Discussion

### A.    Motion 20: Evidence, Testimony, or Argument Regarding Defendants' Financial Status

Pursuant to the Court's Order on Defendants' Motions in Limine Nos. 11-16, Defendants financial information including balance sheets, profit and loss statements, tax returns, and distributions, is irrelevant to Plaintiffs' case-in-chief. (Doc. 233 at 9–11). In this respect, Motion 20 is GRANTED. If, however, the jury determines that Plaintiffs are liable for punitive damages, then Plaintiffs may introduce Defendants' financial information in accordance with Montana law.

Defendants further seek to exclude evidence of COVID-19 relief money as well as managerial employees' salaries and bonuses. (Doc. 197 at 10–11). The Court RESERVES RULING on the admissibility of this information until Plaintiffs lay a proper foundation at trial.

### B.    Motion 21: Log of Misty Mitchell

Defendants next move to exclude Misty Mitchell's log, arguing it is inadmissible hearsay and contains irrelevant information. (Doc. 197 at 12–14).

Plaintiffs contend, however, that the log may be admissible as a present sense impression or recorded recollection and is relevant to demonstrate Defendants' ongoing neglect. (Doc. 203 at 13–15).

The Court RESERVES RULING on the admissibility of Misty Mitchell's log until Plaintiffs lay a proper foundation under either Federal Rule of Evidence 803(1) or 803(5).

C.    *Motion 22: Evidence that Canyon Creek Was Understaffed*

Defendants next move to exclude evidence or testimony suggesting Canyon Creek was understaffed, arguing Plaintiffs have not provided expert testimony establishing the applicable standard of care for staffing. (Doc. 197 at 15–19). They further assert that lay witnesses are not qualified to testify on staffing levels and therefore any evidence related to understaffing must be excluded. (*Id.* at 20–21).

The Court has already excluded Plaintiffs' assisted living facility operation and management expert, Lance Youles, from testifying. Yet personal observations from lay witnesses about staffing as well as testimony from experts Janet McKee and Nurse Kirsten Speed may serve as relevant evidence to Plaintiffs' theory and claims. Therefore, the Court RESERVES RULING on the admissibility of understaffing evidence until Plaintiffs lay a proper foundation at trial.

/ / /

/ / /

D.    *Motion 23: Evidence that Koelsch Underfunded and Understaffed Canyon Creek*

Defendants next move to exclude evidence or testimony suggesting Koelsch underfunded or understaffed Canyon Creek, arguing that Mr. Youles did not establish a standard of care with regards to funding and staffing. (Doc. 197 at 22–26).

Because Mr. Youles is no longer testifying, the Court RESERVES RULING to allow Plaintiffs to lay a proper foundation for expert or lay testimony on the Koelsch-Canyon Creek relationship with regards to underfunding and understaffing.

E.    *Motion 24: Evidence or Testimony Regarding State Tele-ICAR Survey*

Defendants next move to exclude the Tele-ICAR survey, arguing it is hearsay and irrelevant to the specific care provided by Canyon Creek to Plaintiffs. (Doc. 197 at 20–23).

The Court finds that the Tele-ICAR survey is relevant to Plaintiffs' claims; however, it RESERVES RULING on the admissibility of the survey until Plaintiffs meet the requirements set out in Federal Rule of Evidence 803(8)(A).

F.    *Motion 25: Limit Negligence Per Se Testimony and Arguments at Trial to Only Citations of Federal Statutes and/or Regulations as They Existed and Were Incorporated into Montana Law in 1997*

Pending the Court's ruling on the parties' forthcoming Federal Rule of Civil Procedure 54(b) motions, the Court RESERVES RULING on Motion 25.

6

## IV.    Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that the Court rules on Defendants' Motions in Limine Nos. 20-25 (Doc. 96) as follows:

(1)    Motion in Limine 20 is GRANTED IN PART and otherwise RESERVED FOR RULING;

(2)    Motion in Limine 21 is RESERVED FOR RULING;

(3)    Motion in Limine 22 is RESERVED FOR RULING;

(4)    Motion in Limine 23 is RESERVED FOR RULING;

(5)    Motion in Limine 24 is RESERVED FOR RULING; and

(6)    Motion in Limine 25 is RESERVED FOR RULING.

DATED this _12_ day of December, 2025.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

7